IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ABEL RIOS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| V. ) | No. 3:16-CV-2939-K |
| ) | (No. 3:13-CR-384-K-04) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Movant Abel Rios filed a *pro se* amended motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255. *See* Dkt. Nos. 5 & 6. The government filed a response opposing relief. *See* Dkt. No. 12. Rios failed to file a reply brief, and the deadline to do so has passed. *See* Dkt. No. 8. The Court **DENIES** the amended Section 2255 motion for the following reasons.

### Applicable Background

After pleading guilty to conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C), Rios was sentenced to 150 months of imprisonment, a sentence to run concurrently with any sentence imposed in then-pending state controlled-substance and parole-revocation proceedings. *See generally United States v. Rios*, No. 3:13-CR-384-K-04 (N.D. Tex.). And his direct appeal was dismissed as frivolous. *See United States v. Rios*, No. 14-110077 (5th Cir. Aug. 18, 2015) (per curiam).

In his Section 2255 motion, as amended, Rios argues that, under *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), this Court erred when it considered two of his prior Texas drug convictions when determining the criminal-history component of his Guidelines sentence. He relatedly argues that his trial counsel was constitutionally ineffective because counsel failed to object to Rios's erroneously-calculated criminal history score. *See generally* Dkt. No. 6.

**Legal Standards and Analysis**

Because Rios's Section 2255 motion is based on an alleged Guidelines miscalculation, the Court first notes that his Guidelines range was 168 to 210 months. *See Rios*, 3:13-CR-384-K-04 (N.D. Tex.), Dkt. No. 174 at 3-4. But, under the factors outlined in 18 U.S.C. § 3553(a) and the facts of this case and Rios's background, the Court departed below the Guidelines. *See id.* at 12.

And, even had Rios received a sentence within the Guidelines, the challenge he now brings to his criminal history score is flawed. First, this challenge seems to be based on the United States Court of Appeals for the Fifth Circuit's overturning *United States v. Ford*, 509 F.3d 714 (5th Cir. 2007). And, while *Hinkle* was handed down after the United States Supreme Court decided *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Fifth Circuit did not overturn *Ford* until it decided *United States v. Tanksley*, 848 F.3d 347 (5th Cir.), *supplemented by* 854 F.3d 284 (5th Cir. 2017).

*Tanksley* held that *Mathis* overturned *Ford*, in which the Court of Appeals had "held that a conviction for possession with intent to deliver a controlled substance

under section 481.112(a) of the Texas Health and Safety Code ... qualifies as a 'controlled substance offense' under the [Guidelines]." *Tanksley*, 848 F.3d at 349; *see id.* at 352 ("*Mathis* is more than merely illuminating with respect to the case before us; it unequivocally resolves the question in favor of Tanksley. *Ford* cannot stand. Section 481.112(a) is an indivisible statute to which the modified categorical approach does not apply." (citations and internal quotation marks omitted)).

As such, Tanksley's prior conviction under Section 481.112(a) could not count as "a controlled substance offense" under the career offender provision of the Guidelines, under which

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

And today, a prior conviction under Section 481.112(a) does not count as "a controlled substance offense" under Section 4B1.1. *See, e.g., United States v. Hott*, 866 F.3d 618, 621 (5th Cir. 2017) ("This court recently held that Texas possession with intent to deliver a controlled substance does not qualify as a controlled substance offense under the Guidelines. Based on *Tanksley*, the Government concedes error in calculation of the Guidelines range." (citation omitted)).

But, unlike *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that an aspect of the Armed Career Criminal Act ("ACCA") was

3

subject to a constitutional vagueness challenge, neither *Hinkle* nor *Tanksley* is a decision of the Supreme Court that is "substantive [ ] and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in cases on collateral review," *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). In sum, then, a challenge based on *Tanksley* is merely one challenging on collateral review a Guidelines calculation. And

> [a]ny claim that the Court erred when it calculated [a defendant's] guideline sentence ... "attacks head-on the sentencing Court's application" of the Sentencing Guidelines. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). [Such a] claim is not cognizable in [a] collateral proceeding. *See id.*
>
> "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed," and "[m]isapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in [Section] 2255 motions." *Id*. (citation omitted). [Rios] cannot here argue that the Court erred in relying on his prior Texas convictions when it calculated his Guideline sentence. *See, e.g., Fisher v. United States*, No. 4:17-cv-50, 2017 WL 3781855, at *2 (E.D. Tex. July 13, 2017), *rec. adopted*, 2017 WL 3725295 (E.D. Tex. Aug. 28, 2017) ("[R]elief is unavailable under § 2255 based on *Mathis*, *Hinkle*, and *Tanksley*" because "the technical application of the Sentencing Guidelines does not raise an issue of constitutional dimension for purposes of § 2255 proceedings."); *see also Reeves v. United States*, No. 4:17-cv-268-O, Dkt. No. 3 at 3 (N.D. Tex. Dec. 4, 2017) (same).

*Villa-Sanchez v. United States*, No. 3:17-cv-3457-D-BN, 2017 WL 7804729, at *1 & *2 (N.D. Tex. Dec. 22, 2017), *rec. adopted*, 2018 WL 1083854 (N.D. Tex. Feb. 28, 2018), *mot. to amend judgment denied*, 2018 WL 2299057 (N.D. Tex. May 21, 2018); *see also Beckles v. United States*, 137 S. Ct. 886, 892 (2017) ("Unlike the ACCA, ... the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within

4

the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause."); *Herrod v. United States*, Nos. 4:16cv782 & 4:11cr00176-001, 2017 WL 4076120, at *1 (E.D. Tex. Sept. 14, 2017) ("Since *Beckles* was decided, the Fifth Circuit has repeatedly rejected cases by inmates trying to extend *Johnson* to the Sentencing Guidelines. Moreover, the Fifth Circuit has repeatedly held that the technical application of the United States Sentencing Guidelines does not raise an issue of constitutional dimension for purposes of § 2255 proceedings. The type of claim Herrod is bringing in this case is not cognizable in a § 2255 proceeding." (citations omitted)); *Strecker v. United States*, Nos. 4:17-cv-986-A & 4:15-cr-063-A, 2018 WL 705308, at *3 (N.D. Tex. Feb. 1, 2018) ("The arguments would fail in any event, as the cases upon which movant relies do not support his position. *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis* ... concern convictions under the Armed Career Criminal Act, which played no role in movant's case. Rather, movant is seeking to extend their holdings to application of the sentencing guidelines, but the Supreme Court has made clear that the guidelines are not subject to a vagueness challenge under the Constitution. And challenges to application of the guidelines are not cognizable under [Section] 2255." (citations omitted)).

More fundamentally, while Rios received criminal history points for prior Texas drug convictions, *see Rios*, 3:13-CR-384-K-04 (N.D. Tex.), Dkt. No. 122-1, ¶¶ 38 & 41, his sentence was not enhanced because he was determined to be a career offender under Section 4B1.1, *see id.*, ¶¶ 23-33.

Thus, Rios's challenge to the calculation of his Guidelines sentence fails, which also means that his Sixth Amendment-based claim premised on the same theory also fails.

His motion is therefore **DENIED**.

**SO ORDERED.**

Signed December 3rd, 2018.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE